Thank you. May it please the Court, and good morning. This case proceeds from a decision of the Board of Patent Appeals and Interferences in a re-examination proceeding denying all of the claims. The Board made three primary errors of law. I want to summarize those and then address them in further detail. First, the Board violated Stepan's due process rights when it raised a new ground of rejection for the first time in its final decision. I have a question. If in fact, as I used to argue, this was a new ground of rejection, why didn't you ask for a re-hearing and just say to the Board, look, you may not realize this, but you've made a new ground of rejection, and all we want you to do is to state at the end of your opinion that this is a new ground of rejection and we continue prosecution. Why didn't you say that? Why didn't you just let the thing stand and bring the case here? I would have thought that that would be the first thing you would do. We don't know whether the Board focused on this or not. STEPAN CO Well, it's an option for the applicant to do that. In this case, the Board had already rejected other petitions to designate a new ground of rejection. It was an option, but it's not a requirement. It's not a requirement under the rules. It's not a requirement under the case law. And the options to the applicant are petition for a re-hearing, but the applicant – The Board had already rejected this argument? STEPAN CO The Board had raised a new rejection for the first time on appeal. Did the Board ever pass on the question whether this was a new ground of rejection? STEPAN CO No, I believe the Board just took the position that this was the same. The Board actually took a contrary position. Otherwise, we would have had the right under Rule 41.50 as a matter of right to present new evidence or continue prosecution, but we were deprived of that right by the mere fact that the Board did not designate the rejection as a new ground of rejection. Instead, they purported to affirm a rejection even though it was a completely different rejection. Theirs was being a 102A-103 rejection while the examiner's rejection was under 102B-103 under the same reference. And worse yet, the Board, in supplanting its rejection, negated the 131 declaration that Stepan had submitted, which the examiner had accepted. I guess there's a question here under the cases as to whether you had an adequate opportunity to argue this point before the examiner. If you take your appendix, I mean, I looked at some of this and it seems to me that you yourself brought this issue up and provided a declaration in response to it. And, for example, on page 229, after these initial rejections, you submit the declaration of the inventors under 1.131 and associated exhibits, and then on the next page, 230, you argue that the declaration shows that many of the claims have a prior invention date and refer to the 131 declaration. And then, in the declaration itself, which I guess is at 265, the inventors say, we've been advised that one purpose of this declaration is to show that we reduce the practice inventions described in currently pending claims of the 422 patent, and say before June 19, 1970, which on information of belief is the publication date of Singh, and then it goes on to say that there was a reduction to practice of the added water embodiment in claim 33. And it goes on. I mean, why isn't that sufficient? You responded to the issue that the board ultimately found was dispositive. You had an opportunity to do that. You presented declarations that were addressed to that very issue. What was the due process violation? Well, the evidence that was submitted in connection with the 131 declaration with respect to reduction of practice was accepted as to the water content. The evidence was submitted, but it was deemed satisfactory by the examiner. What does the fact that the examiner accepted it have anything to do with it? You had the opportunity. You presented the evidence. What opportunity were you deprived of? If the applicant was put on notice of some alleged defect with the 131 declaration, it could have presented additional evidence during prosecution. Here, when the rejection is imparted for the first time in the final decision of the board, the applicant is deprived of the opportunity to present any new evidence. That sounds like you're saying you have the right to two bites at the apple. First, you present the evidence, then you're entitled to have the examiner tell you what's wrong with it so that you can come in and fix it. If, in fact, there is something wrong with it, during the prosecution, the applicant can submit additional evidence. Maybe it would help you to identify what precisely, what finding of the board was the one that hit you unexpectedly, that you had no reason to have to anticipate? Well, for example, the finding of the board that the applicant's declaration submitted under 131 that was accepted by the examiner as adequate proof of reduction of practice of an antedating composition was completely eviscerated by the board. The board took that and swept it away. They found the 131 declaration not satisfactory because it refers to water with a catalyst and they say added water is not water with a catalyst. Well, they said a lot of things, but one of the things that took place here was that it isn't relevant because it doesn't talk about added water but water with a catalyst. That's one of the things they said. That is correct. That's one of the things. Now, the board as an administrative agency cannot change midstream its rationale and legal theories. We have a lot of case law here that says that's a new ground for rejection. These claims were never rejected. So you knew SIG was out there? We knew SIG was out there and we understood it to be satisfactorily cured with respect to 102B. And you attempted to swear behind it for 102A purposes, right? Well, we continued to present the evidence. However, the evidence, first of all, was accepted. Why isn't my statement correct that you attempted to swear behind SIG for 102A purposes during the prosecution before the examiner? We submitted the 131, yes. The 131 declaration was submitted. You addressed that issue? Yes, yes. We have addressed it to the extent it was accepted. If there had been an alleged deficiency put on notice, we could have presented some additional evidence to address any alleged deficiency. But no alleged deficiency was ever brought up during the prosecution, during the briefing, or during the argument. Throughout this whole process, the 131 declaration had been accepted and deemed satisfactory. Let me ask you a question about whether this was a new ground for rejection. Yes. As I understand it, both the examiner and the board found that it would have been obvious. And both of them relied upon the identical references. Is that correct? That's correct, as I understand it. I believe so. And so the question is whether the fact that the board, in coming out the same way as the examiner, relied on some different grounds, whether that's enough to make it a new ground of rejection. I think that's a fair way to characterize the issue. I'm thinking over about the situation and I say, well, this court can affirm a judgment of a district court on any ground shown by the record, whether or not it was raised by the parties, or whether or not the district court relied on it. Now, nobody would suggest, I don't suppose, that that would deny that if the court does that, which we do not infrequently, does that deny someone due process because they didn't have a chance before the court rendered its decision to address that issue? Let me address that, Your Honor. This is an appeal from an administrative agency, first of all, not a district court trial. In terms of what is necessary, how much has to be revealed, and what opportunity must you have to satisfy due process to answer some of the questions. It's not unusual, I suppose, for courts to say we will affirm the judgment, but on somewhat varying grounds, somewhat other grounds than those given by the trial tribunal. I understand that. Nobody says that that's impermissible. Well, I do. There are several cases, Your Honor, we cited. Even though the fact that the board and the examiner have both based their rejections on 103, they implied different reasoning, different factual, and different legal bases. And the Weymouth case, the Sulkowski case, and the Eind case all found new grounds of rejection, even though the same statutory basis was involved because of a different reasoning. And those involve section 132, section 102E, and section 112, respectively, for those three cases. In addition... So suppose that originally here that the examiner had rejected under 103 in Sing and using 102A, and then you had submitted the affidavit that you did, and then the examiner agreed with that and said, okay, I'm going to make it a 102B rejection. Would there be any due process issue under those circumstances? If the examiner changes his mind and you're still in open prosecution, that would be a different situation. So you wouldn't have any due process problem with that? Well, I may. It depends on if I was denied an opportunity to present evidence or argument for the first time. And here, that would be a distinction if you're not before the board and you're clearly before the examiner and you still have an opportunity to respond before a final decision, then that would be a different situation, perhaps. Suppose the examiner rejected on the basis of one prior reference, and the board said, we will affirm the examiner. We don't read that prior reference the same way that the examiner did. And then posing two different things. One, the board says we're going to sustain this ruling based on a different reference. That would be a new ground of rejection, I assume. Yes. But suppose what the board says is we don't interpret the examiner's reference the way the examiner does, and this is how we interpret it. But even under our new interpretation of that reference, we still agree with the examiner, it would have been obvious. Would that be a new ground? It's clearly a new ground of rejection, and it's supported by the case law, Weymouth, Sulkowski, and Eind. In the Rodale case, which is an Administrative Procedure Act case, it clearly says that persons entitled to an agency hearing shall be timely informed of the matters of fact and law asserted. You've got to have notice and an opportunity to respond before the final rejection. To what? That's the question. Respond to every little point that's being made? The agency cannot change its rationale midstream. The cases certainly suggest that some change in rationale is permissible, right? The cases we've briefed show that you cannot have a change. What about the ones that you didn't? No, I don't have any case law that goes the contrary. My understanding is the agency cannot change its legal theory midstream. It's unfair to concede one point. What about Cronick? Cronick's a case in which there was a change. The examiner relied on four references. The board said, we don't think that does it. We're going to rely on three references to reject it on an obviousness ground. So that's a change in theory, right? If all of the rejections were the same, the other three were the same, before the examiner and before the board and on the same legal theory, then there's no change with respect to the underlying rejection and basis to reject the claims. So they can take a different view of the facts? I think it depends on the context and specifically on the facts and circumstances of each case. But I want to emphasize here that the Supreme Court case law, the patent statute, the Patent Office rules and even the Administrative Procedure Act are consistent with the notion that you can't impose a requirement to try to undo a deprivation due process by the mere availability of a re-hearing potential. A discretionary opportunity for re-hearing on a final decision on the merits, without the opportunity to raise new evidence to a new ground of rejection, is not a fair opportunity to be heard. And Section 6B, for example, of the patent statute says that it provides that the mandate for the board is to review adverse decisions of examiners, not the favorable decisions. That is to put the applicant on notice and to give them an idea of what the litigation issues are. Similarly, Rule 4150 plainly contemplates and says that the board must either affirm or reverse the decision of the examiner on the grounds and on the claims specified by the examiner. Not on different grounds, otherwise there has to be a remand and designation of a new ground of appeal. I want to ask you the same question I asked earlier to make sure I got the answer to it. Suppose the examiner had been the first one to raise the 102A issue and had initially made a rejection based on 103 on the 103A theory. And the same evidence had been submitted, the same argument had been made by the applicant. Would you have a due process objection under those circumstances? Perhaps not. If, indeed, I had an opportunity to respond to any alleged defect in the 131 declaration, which was not the case here. So what the distinction is, is you're saying that the examiner has to raise the issue as opposed to the applicant raising the issue. It's not enough if the applicant raises the issue, fully agrees to it, submits declarations. That doesn't satisfy due process. No, correct. I mean, if the issue, if the ruling and legal issue before the applicant has never been raised, he must be put on notice of what the issues are. The fact that he anticipates what the problem might be and addresses it doesn't mean that the board can consider it, in your view. I'm not sure I can, let me try to understand. You're not conceding, are you, that he indeed anticipated what the board was going to do with this particular issue? Absolutely not. In fact, it's implausible. Your view is that he didn't anticipate it and that his declaration wasn't intended to be directed towards that issue. Oh, absolutely. The fact is, there was some lack... The declaration was directed to the 102A issue, and that was specifically argued by the applicant. You addressed the very issue that the board decided, right, with argument in the declaration. The evidence was presented, however, no alleged defects were raised with respect to the evidence. No, but you addressed the same issue. We addressed the reduction of practice issue in the 131 declaration. Yes. And in trying to characterize... With respect to the Singh or the other references? Well, with respect to all references. Including Singh. It was accepted. And so there was no defect, and an agency cannot change its rationale midstream, certainly not after a final decision for the first time. And the rules are consistent with that. I talked about Rule 4150. Rule 4179 expressly denies the applicant the right to present new arguments and new evidence on rehearing. His hands are tied. And Section 704 of the APA recognizes that a decision is otherwise final for the purpose of review even though there's an opportunity to seek reconsideration. And the Supreme Court law is... Obviously, it's not an administrative... It's not a patent office re-exam proceeding, but the Supreme Court law is clear in terms of whether a request for rehearing is necessary. What Supreme Court case or case outside of the patent area suggests there's a due process problem if someone with one administrative agency addresses an issue, and then that issue is decided on appeal. Why is that a due process violation? Because, first of all, the issue was not addressed in the sense that it was taken to be an issue in the underlying proceeding before... You agree that they submitted a 131 declaration. They argued that they could swear behind Singh. Yes. They addressed the very issue that the board ultimately decided, right? They did, and it was accepted. And had it not been accepted, the applicant could have presented additional evidence before the case went on appeal to the board and could have cured any alleged defect. Here, the alleged defects were raised for the first time in a final decision to which there was no opportunity to be heard, no opportunity to present new evidence or new argument, which was barred by the rules. And the Supreme Court law says that no later hearing can undo the fact that the arbitrary taking that was the subject of the right of procedural due process had already occurred. How do we know that? I mean, your view is that every time you submit a declaration, the examiner says it's insufficient. If the examiner says it's insufficient, then you always get a do-over? That's just a given? You get a chance to correct your declaration in response to an examiner's rejection? I believe the rules provide an opportunity before final and even after final to submit additional evidence. Here, of course, the issue was moot because there is no rejection of the 131 declaration by the examiner. Just the contrary, he accepted it. Had there been a specific nuance that was raised, the applicant could have endeavored to submit new evidence and new argument, but when it's raised for the first time in a final decision, that's inconsistent with the examiner's decision, the applicant, his hands are tied. He's barred by rules and law that says he can't present new argument, new evidence for the first time on a petition for re-hearing. So that's a point of distinction. And with respect to the opportunity to come in on re-exam, I'm sorry, re-hearing, the OPCOT and Mills was another case in the Supreme Court that said you can have a hearing at any given time, but it must be before a final order becomes effective. Now, yes. We'll give you two minutes. Very good. Thank you, Ron. Good morning, Your Honors. May it please the Court. There is no dispute here that the patentability of original claims, one and its dependents, hinges solely on Stepin's commercial success evidence. Now, when Stepin added Claim 33 and its dependents, Stepin knew from the very outset that he was going to have to do two things in order to overcome seeing and not have to rely on his commercial success evidence as to those claims. Let me just start where there seems to be two points in this case. And one is, I guess, I don't know if it's the Patent Office's alternative argument that he should have gone for reconsideration, the issues that Judge Friedman raised. I'm quite troubled by the suggestion of the Patent Office, and I don't know how far it goes, that he somehow is deficient in this case because he didn't go back to the Board for reconsideration. It seems to me, and you can correct me if I'm wrong, that I've looked up numerous cases where the Board says explicitly, cites the regulations when it has a new ground, and says, here are your options. This is not a final decision. I presume, therefore, that if they don't cite that, they consider it not to have been a new ground, and it's a final decision, and the clock starts to run for purposes of an appeal. Am I right so far? Yes and no. The statute, the Board may, I'm sorry, if you look at the regulation, the wording in the regulation is that the Board may include in its opinion a statement to that effect. There is not an obligation by the Board to expressly designate a new ground of rejection as a new ground. So how is a petitioner supposed to know and make sure that he preserves his, I mean, the difference is, if it's a new ground, the Board's opinion is not final, so his clock for purposes of appeal doesn't start to tick. If it is a final decision, then the clock starts to run. How is a petitioner, in the absence of the Board identifying whether or not there's a new ground, if he assumes that he should go back, isn't he likely to lose his time for appeal? No, because then if you request reconsideration by the Board, then your clock is told until you get a decision by the Board about whether they're going to grant a hearing or not. What happens if the Board makes a clearly new ground of rejection? Let's suppose, for the sake of argument, the examiner rejected something on the basis of one prior reference, and the Board says, we disagree with that, but we think the result should be affirmed on the basis of another patent that we've discovered, but it doesn't say this is a new ground of rejection. If it doesn't say that, can they then resume prosecution? If it doesn't say that, because the patent examiner and the Board are independent bodies, the proper course of action would be for the applicant to then, in that situation, go to the Board and request a rehearing to the extent to ask the Board to formally designate the ground of rejection as a new ground, so that the examiner, who exists in the patent core, expressly knows that now it can reopen. If that's all that happens, and the applicant does not request some reconsideration, can the applicant then go back and try to resume prosecution, or will the examiner say, the Board has affirmed me, and it didn't say it's a new ground of rejection, and that's it? If they immediately went to the examiner without the Board making an express statement that it was a new ground of rejection, the examiner might then say, on his own, yes, we see that a completely different reference was cited, and it is a new ground, and we'll proceed, but most probably, out of caution, admittedly, the examiner would say, we want to hear from the Board that this is a new ground of rejection. The examiner might ask the Board, was that a new ground of rejection? What I'm trying to find out is, your opponent seems to treat this case as though it's critical whether or not the Board has said, this is a new ground of rejection, because I gather all they're saying is, what was wrong here is the Board, in fact, had a new ground of rejection, but didn't say so. The critical thing is it didn't say so. I'm just trying to determine, is that critical? We do not believe that it is critical. The USPTO, when you look at the regulation, it says the Board may expressly state that, in its opinion. There is no requirement in the regulation to do so. We do admit, however, that the regulation could be more clear about what happens when the Board doesn't expressly state that something is a new ground of rejection. The examiner, I suppose, could have said, if the Board makes a new ground of rejection, it shall say so. That's one alternative. Another alternative is, if the Board does not expressly state that a new ground of rejection has been made, the path by which an applicant could ask the Board to designate a new ground would be through a rehearing. But, in fact, when you look at the regulation for a rehearing, 4152, it does talk about new grounds of rejection. The regulation isn't completely silent as to how one would proceed if there was a new ground of rejection at the Board level. But, in this case, there isn't. Again, I'd like to reiterate, we do not believe there is a new ground of rejection. And, indeed, there are significant consequences to that distinction. Because, under the rule, if the Board acknowledges that there was a new ground for rejection, then he can reopen prosecution, right? Yes. Prosecution can immediately be reopened. So, under those circumstances, he's correct. He could have come in and tried to fix or add to or submit a new 130 declaration to try to respond to the basis upon which the Board relied in rejecting it. If there was a new ground of rejection and the Board expressly said so, yes, he could have done that. He is correct in that circumstance. We believe there is no new ground of rejection. Had he thought that there was but not expressly stated, he could have requested a rehearing. We're not saying that that's a requirement. We acknowledge in our brief to this Court that it is not a requirement. That's one request for hearing. But we, again, at this Court, one of the, sort of like the basic jurisdictional question is, is there a new ground of rejection here? We say no. Principal, why don't you address that, okay, as to whether there was a new ground for rejection. Let me give you a hypothetical. Suppose here in this case that the original rejection had been on 103 on 102B and that the applicant had never addressed the 102A issue the way he, in fact, did address the 102A issue. There was never any discussion of 102A or swearing behind or any of that. And it comes up to the Board and the Board says, well, the 102B rejection isn't any good, but we substitute in 102A rejection. Under those circumstances where the issue was never addressed, does the PTO say still it's not a new ground for rejection or would that be a new ground? No, that is most definitely a new ground of rejection. Okay, so the key thing here is that the applicant addressed the 102A issue before the exam. On all fours, and that's really by necessity. But the examiner accepted the declaration as adequate, sufficient to avoid a 102A rejection, right? No, it accepted it to be adequate to avoid a 102E rejection from Citalini and Rottermund. But in the examiner's view, it wasn't. The examiner didn't reach there for the question about whether or not the declaration was satisfactory for the 102A rejection under Singh, right? But to get back... Am I right about that or not? You are, but my response to that is to go back to the other hypothetical Judge Dyke gave to Mr. Wimbiscus, which is had the examiner initially made a 103 rejection based on Singh as 102A prior art, accepted the declaration, and then made a 102B rejection, and then this went to the board. The board issues the exact same decision. This court would not say there was a new ground of rejection. This court would say the board just disagreed. The board agreed with Steppen as to the 102B, which is what they did here. The board just disagreed with the examiner as to the 131 declaration. So there wouldn't be a new ground of rejection in that hypothetical Judge Dyke raised to Mr. Wimbiscus. What we have here, and it seems to me the lines are fairly drawn, what you're saying is that he had an opportunity to address the 102A issue. He did, in fact, address the 102A issue, submitted a declaration in response to it, and the question that he's raising is that I didn't submit that in response to a rejection based on 102A, and unless I responded to a specific rejection, then the board can't decide it. That seems to be the issue. Well, and I also think he's saying more. I mean, what he's saying more is he did have a response, they did have a chance to respond to that declaration as to Citalini and Roderman. It wasn't initially accepted as to those references. What he's objecting to is he didn't have an opportunity to respond to the added water limitation and how the board looked at those claims and construed those claims. He did address the added water limitation. That's the purpose. Not before the examiner. The examiner accepted those references as to Citalini and Roderman. The question is, in the declaration, he responded to the added water thing. Yes, the added water limitation. He did the same thing. He addressed the very issue that the board ultimately decided. Correct. Really? I mean, before the examiner? I mean, I guess I'm a little confused. I thought you were telling us or acknowledging that that wasn't the issue before the examiner. The examiner didn't dispute it. They presented declaration evidence. In their declaration, the record at page 271, they talk about the water content and why this declaration shows the water content was present in the Amdabco catalyst. If you look at 271 at paragraph 29, 30, and 31, if you look to those paragraphs, they did present evidence on that. They did present argument on that. The examiner just didn't dispute that. Right. Let me ask you, as a matter of process, if the examiner had said to them in the first instance what the board subsequently decided with respect to the inadequacy of the declaration to deal with this water content issue under 102A, would he or would he not have had the opportunity and likely at least tried to cure the declaration or add to it or do something different? Is that the way the process would normally work, if the examiner had said what the board said with respect to 102A and water content? Depending, as long as it was before final, yes, they could have responded. But they would have the opportunity to respond and arguably cure it or at least make an effort to clear it by making it. And so in the absence of that in this instance, they saw that for the first time in the board's opinion. Yes, but that there are differences between the board's decision and the examiner's decision isn't, according to this court's case law, what makes something a new ground of rejection. What you're saying is they anticipated the issue. Correct. For example, on 241, they addressed the 102A issue specifically and submitted a declaration to try to swear behind the scenes. Exactly. When they introduced those claims, they knew what the problem was. They knew they had to do two things to not have to hang their hat on their commercial success evidence, which is not great. Lack of access. So they knew that if they were going to get behind this rejection, they had to do two things. One is they had to remove seeing as 102B prior art by getting back to 779. But they also knew, they anticipated that once they had done that, that wouldn't be the end of the story, that they would also have to get behind seeing as 102A prior art. And at the exact time they introduced those claims, they introduced that argument and they also introduced that evidence. By necessity, it could not have been something new cut from whole cloth because the board's decision is responding to their argument, is responding to their evidence. And this is a unique case. We're not saying that this is the way it should always go. This is an exceptional case. So that's the basis upon which we say it was already because they argued it. Let's assume that they didn't argue it. They didn't have to argue it. If you put yourself in their position, you're acknowledging that it wasn't the basis upon which the examiner acted. So they didn't have to necessarily put it up before the board. But because they did, that's why we're here. Yes. In the ordinary circumstance, ordinarily, if the board substitutes a new statutory basis for rejection, under ordinary circumstances, that would invoke a new ground of rejection. That is precisely the case here, right? I mean, that's the standard. There are exceptions to that, and this court has recognized some of those exceptions. The examiner can impose a 103 rejection based on a combination of references, and the board has then said, no, this is really a 102 rejection, and those other features that you were relying on, those other references for, in that obviousness, rejection, are unnecessary because those other properties were inherently present in this 102. Are you saying basically they can't claim that they were surprised by what the board did? Right. The issues had been raised before the board, at least. Yes, Your Honor. Disappointed, perhaps, but not surprised. Right. The law about the- The only basis upon which it was before the board, according to you, is that they had raised it. Correct. They were aware, at least, that the issue was floating around in the case. It is not the typical- The board might or might not address it. Well, they knew, I mean, they knew from the beginning just getting behind Singh as a 102B reference wasn't going to be good enough unless they wanted to hang their hat on their commercial success evidence, which is not wonderful. And if they wanted to rely on something more than their commercial success evidence, they needed to get behind Singh as 102A prior art so they could collapse the obviousness rejection. They knew that from the outset. They knew they had two hurdles to go over, and even though they never made it over the first hurdle with the examiner, they made it over the first hurdle with the board, that evidence was already in place and in play. Now, we're not saying this is the typical situation. We're saying this is an exceptional situation, but this court has recognized other exceptional situations where the statutory basis for the rejection can change and there is no new ground of rejection. I see that I'm over my time, and I was wondering if I might have 30 seconds to summarize. I think we have at this point. Thank you. Okay. Thank you very much, Your Honor. Some brief rebuttal. Section 554B- Let me just ask, just to make sure, and you can cover it. So what is your answer to the fact that you, obviously, were at least smart enough to anticipate this and that you put the argument and you had the opportunity whether it was because you were too smart or not, but you put the issue before the board and adequately had the opportunity. If that argument fails in law, the applicant is entitled to know the matters of fact and law that are asserted against it, Section 554B of the Administrative Procedure Act. We have a right to know for due process what the position is of the examiner. Otherwise, we're charged... What the GPO was saying is you did know. You knew that if the 102, if you prevailed on 102B, you'd still have to face 102A. You put in the evidence to respond to 102A, and you did what was necessary to address the issue. Had we known that there were alleged deficiencies with the 131 declaration, we could have tried to cure those before final or maybe even after final, but before the board took over with its final decision. And the PTO has conceded that fact, and it's an important fact because had the rejection or alleged deficiencies been made known to the applicant, they could have been cured, but the applicant was deprived of that procedural right of due process. He couldn't present any new evidence or new argument to an issue of alleged deficiencies in the 131 declaration for the first time in a petition for re-hearing. Why was the board ultimately decided different from what you anticipated by putting your views on this issue? Well, first, we would have anticipated the board would have affirmed all of the claims because the examiner had already accepted the 131 declaration. Now, if... You realized you needed to say something about that before the board. You anticipated that maybe it would... Well, I think we set forth the fact that the claims should all be affirmed because there was no issue as to the 102A by virtue of the fact that the examiner had already accepted the 131 declaration as adequate proof of a reduction of practice. So by pointing it in there isn't a concession that there's an issue, let alone an issue that could be reversed for the first time on appeal in a final decision. So the other point, very briefly, and maybe it's already clear, but there is no continued right of prosecution in the re-exam. We're done as soon as that final decision hits from the board. And this is a defect that could have been cured had we had some notice, but the way it was done, it was really a sandbag by the board. If it comes down for the first time, the alleged defects are put upon the applicant for the first time in a final decision. Thank you very much.